

Erik P. Pramschufer
Phone: (212) 980-7216
Fax:  (212) 980-7291
erik.pramschufer@saul.com
www.saul.com

October 1, 2019

<u>*Via ECF*</u>

Hon. P. Kevin Castel
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Hai v. First Data Corporation, et. al.* **(Case No. 1:19-cv-8332-PKC)**
              <u>**Pre-Motion Letter: Motion to Dismiss Counts VIII, IX & X**</u>

Dear Judge Castel:

      This Firm represents Defendants First Data Corporation and Fiserv, Inc. An initial pre-trial conference is currently scheduled in this matter for November 4, 2019 at 12:00 pm. No other scheduling order has been entered.

      Plaintiff Hamy Anthony Hai has sued Defendants for unpaid compensation, alleging breach of contract, promissory estoppel, violation of the Fair Credit Reporting Act, and violation of Fla. Stat. § 448.110.[1] Because the Complaint fails to state a claim under Fla. Stat. § 448.110, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is warranted. Defendants submit this pre-motion letter pursuant to Rule 3.A of the Court's individual practices.

**I.**    ***Plaintiff's Fla. Stat § 448.110 Claims Should Be Dismissed Because Plaintiff Does Not Allege Any Failure to Pay Minimum Wages.*** Fla Stat. § 448.110, otherwise referred to as the Florida Minimum Wage Act, establishes a minimum wage for work performed in Florida, and a private cause of action for aggrieved employees. In pertinent part, the statute reads:

> Any person aggrieved by a violation *of this section* may bring a
> civil action in a court of competent jurisdiction against an
> employer violating *this section* or a party violating subsection (5).

---

[1] Defendants accept the allegations of the Complaint as true for the purpose of this letter and the anticipated motion, without waiver. Defendants are not claiming at this juncture that Plaintiff fails to plead breach of contract, promissory estoppel and FCRA claims.

35963600.3 10/01/2019
1270 Avenue of the Americas, Suite 2005 ♦ New York, NY 10020 ♦ Phone: (212) 980-7200 ♦ Fax: (212) 980-7209

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

> However, prior to bringing ***any claim for unpaid minimum wages*** pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the ***minimum wage*** to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Fla. Stat. § 448.110(6) (emphasis added). Simply put, the exclusive purpose of the Florida Minimum Wage Act is to provide a compensation threshold for low-wage workers, not to provide a general cause of action to recover anything that may meet the definition of "wages."

Here, Plaintiff does not allege any facts supporting a claim for unpaid minimum wages. Rather, Plaintiff's claim is unambiguously made to recover under a purported Separation Agreement, or alternatively under an Incentive Compensation Plan and/or Severance Plan (as defined in the Complaint). As this type of action is not covered by the statute, Plaintiff's claims pursuant to Fla Stat. § 448.110 in Counts VIII, IX, and X must be dismissed.

**II.** ***Defendants' Motion Should Be Briefed in Accordance with Local Rule 6.1.*** In this instance, there is no need for the motion schedule to deviate from the timeframes established under Local Rule 6.1(b). Defendants will be able to submit their motion within fourteen (14) days of the Court granting leave to file. The conference set for November 4, 2019 should be adjourned to a date established by the Court following any determination on Defendants' motion.

Thank you for your consideration.

Respectfully submitted,

*/s/ Erik P. Pramschufer*
Erik P. Pramschufer, Esq.
Counsel for Defendants

cc: All counsel (via ECF)
Gary B. Eidelman, Esq. (via e-mail, motion for admission *pro hac vice* to be filed)