

Lauren M. Paxton, Esq.
908-964-2453
lpaxton@olenderfeldman.com
*Please respond to New Jersey address*

October 28, 2019

**VIA CM/ECF**
Hon. P. Kevin Castel
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    **Hamy Anthony Hai v. First Data Corporation, et al.
              Civil Action No.: 1:19-cv-8332-PKC
              Joint Letter in Accordance with the Court's Initial Pretrial Conference Order**

Dear Judge Castel:

    This firm is counsel to Hamy Anthony Hai with respect to the above-captioned matter. Pursuant to the Court's Initial Pretrial Conference Order, the parties submit this Joint Letter in advance of the initial pretrial conference scheduled for November 4, 2019 at 12:00 p.m.

## DESCRIPTION OF THE CASE[1]

    This is an employment case. Plaintiff, Mr. Hai, is a former Chief Information Officer of Defendant First Data Corporation ("First Data"). Defendant Fiserv, Inc. is the successor-in-interest to First Data by merger.

    In the Complaint, Mr. Hai alleges that First Data offered him a separation agreement. Mr. Hai further alleges that the parties agreed to all material terms of the separation agreement by late March 2019, such that the agreement became a fully enforceable contractual obligation of First Data. After the separation agreement was formed, the Complaint alleges, First Data terminated Mr. Hai for "cause", for the purpose of avoiding its obligations under the separation agreement. The purported "cause" for termination was based on First Data's position that Mr. Hai did not report his involvement in a traffic incident within three (3) days of the incident as required by First Data policy. It is undisputed that Mr. Hai did have a telephone call with counsel for First Data within the three (3) day window regarding the traffic incident; however, the Parties appear to disagree regarding the legal effect of same. To date, First Data refuses to pay Mr. Hai the amounts owed under the separation agreement. These events provide the basis for Count I (Breach of

---

[1]     The parties jointly submit this summary of Plaintiff's claims, and Defendants' defenses, without waiver as to facts and defenses not raised herein, and without intent for this letter to constitute a stipulation.

---

**New Jersey**
422 Morris Avenue
Summit, New Jersey 07901

**New York**
1180 Avenue of the Americas, 8th Floor
New York, New York 10036

olenderfeldman.com
fax: 908-810-6631

Hon. P. Kevin Castel
October 28, 2019
Page 2

Contract, Separation Agreement) and Count V (Breach of the Covenant of Good Faith and Fair Dealing, Pretextual Termination).

Defendants dispute the characterization that Mr. Hai was simply involved in a "traffic incident." Defendants deny that Mr. Hai notified the Company of his involvement in the same, despite the requirement that he do so. Defendants further aver there was no binding "separation agreement" because the parties, *inter alia,* anticipated reducing the agreement to writing, and did not intend to be bound until a written agreement was signed, including a release of liability. Assuming, *arguendo*, that Mr. Hai can prove the existence of an enforceable separation agreement, a condition precedent to Mr. Hai receiving any compensation was his remaining employed without an intervening termination for cause. First Data alleges that Mr. Hai was legitimately terminated for cause after it unilaterally learned Mr. Hai had been involved in the "traffic incident", and that Mr. Hai never disclosed this information despite having several subsequent conversations with his superior.

In addition, it is alleged that First Data failed to properly safeguard non-public background check information as required under the Fair Credit Reporting Act (FCRA, 15 U.S.C. § 1681, *et seq*.), when it permitted a leak sensitive information regarding Mr. Hai both within and outside of First Data during the course of and following his termination (Count VIII). First Data denies any FCRA claim because it did not engage a "consumer reporting agency" to prepare a "consumer report."

The Complaint contains several alternative causes of action, upon which Mr. Hai asserts his rights to unpaid compensation from the Company, including Promissory Estoppel relative to the separation agreement (Count IV), breach of contract and breach of good faith relative to First Data's alleged failure to pay him severance under its severance plan (Counts III & VII)), and breach of contract and breach of good faith relative to First Data's alleged failure to pay Mr. Hai's 2018 year-end bonus under its incentive compensation plan (Counts II & VI). First Data denies these allegations and avers that the Company was not obligated to pay Mr. Hai a bonus or severance due to his being terminated for "misconduct" (as defined in the Company's severance plan and incorporated by reference into the Company's incentive compensation plan).

Mr. Hai also has raised claims under Florida Law, which he voluntarily dismissed without prejudice in response to a pre-motion challenge by First Data, the interest of avoiding any delay in the resolution of this matter.  The parties disagree regarding whether the amounts allegedly owed to Mr. Hai by First Data are "wages" under applicable law.  The parties agreed that the issue would be reserved for the completion of discovery.  In the event Mr. Hai re-raises his Florida law claims, and these are found to be applicable, Mr. Hai would be entitled to double damages and/or attorneys' fees on account of the unpaid amounts.  First Data disputes that Mr. Hai would be entitled to this recovery for the reasons set forth in Defendants' pre-motion letter (ECF No. 9).

**MOTIONS**

Hon. P. Kevin Castel
October 28, 2019
Page 3

      At this time, the Parties do not anticipate motion practice other than likely cross-motions for summary judgment following the conclusion of discovery. Defendants reserve their right to file a motion to strike Plaintiff's demand for a jury trial as to some or all claims, pursuant to one or more agreements between the parties.

## **SETTLEMENT**

      The Parties attempted to resolve this matter through counsel for months prior to Mr. Hai's filing of this Complaint.  The Parties remain willing to discuss settlement at this time.

      Respectfully submitted,

      */s/ Lauren M. Paxton*
      LAUREN M. PAXTON

cc:    All counsel (via ECF)