**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HAMY ANTHONY HAI,

               Plaintiff,

     v.

FIRST DATA CORPORATION and FISERV,
INC.,

               Defendants.

Case No. 1:19-CV-08332-PKC

**DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT**

Defendants First Data Corporation ("First Data")[1] and Fiserv, Inc. ("Fiserv") (referred to collectively as the "Defendants" as appropriate), answer the First Amended Complaint (the "Amended Complaint") (ECF No. 14) filed by Plaintiff Hamy Anthony Hai as follows:

<u>**THE PARTIES**</u>

1.      Defendants admit that Paragraph 1 of the Amended Complaint purports that Mr. Hai is a Florida citizen who resides in Florida. Defendants deny that Plaintiff was an employee of First Data, but rather aver that Plaintiff was an employee of First Data Resources, LLC, a subsidiary of First Data. Defendants admit the remaining allegations set forth in Paragraph 1 of the Amended Complaint.

2.      Defendants admit the allegations set forth in Paragraph 2 of the Amended Complaint.

3.      Defendants admit the allegations set forth in the first sentence of Paragraph 3 of the Amended Complaint and further admit that First Data was acquired by Fiserv on July 29, 2019. The remaining allegations set forth in Paragraph 3 of the Amended Complaint state legal

---

[1] Defendants aver that First Data Corporation is not a proper party to this suit, as it did not employ Plaintiff. Defendants' counsel will confer with Plaintiff's counsel regarding this fact, and rectify the caption, if warranted.

36173885.3 11/05/2019

conclusions for which no affirmative response is required. To the extent any further answer is necessary, the remaining allegations are denied.

## JURISDICTION AND VENUE

4.      Defendants admit that the allegations set forth in Paragraph 4 of the Amended Complaint purport to invoke the jurisdiction of this Court pursuant to the statutory authority set forth therein, but Defendants deny that they are liable to Plaintiff for the relief requested in the Amended Complaint or any other relief whatsoever.

5.      Defendants admit that the allegations set forth in first sentence of Paragraph 5 of the Amended Complaint purport to invoke the jurisdiction of this Court pursuant to the statutory authority set forth therein, but Defendants deny that they are liable to Plaintiff for the relief requested in the Amended Complaint or any other relief whatsoever. The remaining allegations set forth in Paragraph 5 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the remaining allegations are denied.

6.      Defendants admit that the allegations of Paragraph 6 of the Amended Complaint purport to establish that venue is proper in this district pursuant to the statutory authority set forth therein, but Defendants deny that they are liable to Plaintiff for the relief requested in the Amended Complaint or any other relief whatsoever. The remaining allegations set forth in in Paragraph 6 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the remaining allegations are denied.

7.      The allegations set forth in Paragraph 7 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

8.      The allegations set forth in Paragraph 8 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

9.      The allegations set forth in Paragraph 9 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

10.     The allegations set forth in Paragraph 10 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

## FACTUAL ALLEGATIONS

**A.  The allegations in section-heading "A" are denied.**

11.     Defendants admit Plaintiff was hired to serve as a Senior Vice President, Technology, but deny the remaining allegations set forth in Paragraph 11 of the Amended Complaint.

12.     Defendants deny the allegations set forth in Paragraph 12 of the Amended Complaint.

13.     Defendants admit the allegations set forth in Paragraph 13 of the Amended Complaint.

14.     Defendants admit the allegations set forth in Paragraph 14 of the Amended Complaint.

15.     The allegations set forth in Paragraph 15 of the Amended Complaint refer to documents which speak for themselves. By way of further response, the allegations set forth in Paragraph 15 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

36173885.3 11/05/2019

16.     The allegations set forth in Paragraph 16 of the Amended Complaint refer to documents which speak for themselves. By way of further response, the allegations set forth in Paragraph 16 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

17.     The allegations set forth in Paragraph 17 of the Amended Complaint refer to documents which speak for themselves. By way of further response, the allegations set forth in Paragraph 17 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

18.     Defendants are without knowledge or information sufficient to form a belief as to the meaning of the Plaintiff's characterization of "performance compensation awards," and on that ground deny the allegations set forth in Paragraph 18 of the Amended Complaint.

19.     The allegations set forth in Paragraph 19 of the Amended Complaint refer to documents which speak for themselves. By way of further response, the allegations set forth in Paragraph 19 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

20.     The allegations set forth in Paragraph 20 of the Amended Complaint refer to documents which speak for themselves. To the extent any further answer is necessary, the allegations are denied.

21.     Defendants admit the allegations set forth in Paragraph 21 of the Amended Complaint.

22.     The allegations set forth in Paragraph 22 of the Amended Complaint refer to documents which speak for themselves. By way of further response, the allegations set forth in

Paragraph 22 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

23.     The allegations set forth in Paragraph 23 of the Amended Complaint refer to documents which speak for themselves. To the extent any further answer is necessary, the allegations are denied.

24.     The allegations set forth in Paragraph 24 of the Amended Complaint refer to documents which speak for themselves. By way of further response, the allegations set forth in Paragraph 24 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

25.     The allegations set forth in Paragraph 25 of the Amended Complaint refer to documents which speak for themselves. By way of further response, the allegations set forth in Paragraph 25 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

**B.      The allegations in section-heading "B" are denied.**

26.     Defendants admit Plaintiff's job title was Senior Vice President, Technology, but deny the remaining allegations set forth in Paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Amended Complaint.

28.     Defendants are without knowledge or information sufficient to form a belief as to the meaning of the Plaintiff's characterization of his work performance as "well," and on that ground deny the allegations set forth in Paragraph 28 of the Amended Complaint.

29.     Defendants are without knowledge or information sufficient to form a belief as to the meaning of the Plaintiff's characterization of "performance compensation awards, " and on

that ground deny the allegations set forth in Paragraph 29 of the Amended Complaint. By way of further response, the allegations set forth in Paragraph 29 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

30.     The allegations set forth in Paragraph 30 of the Amended Complaint refer to documents which speak for themselves. By way of further response, the allegations set forth in Paragraph 30 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

31.     The allegations set forth in Paragraph 31 of the Amended Complaint refer to documents which speak for themselves. By way of further response, the allegations set forth in Paragraph 31 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

34.     The allegations set forth in Paragraph 34 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

35.     Defendants admit the allegations set forth in Paragraph 35 of the Amended Complaint.

36.     Defendants admit that through his counsel, Plaintiff made demands for a 2018 Bonus award. Defendants deny the remaining allegations set forth in Paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

**C.     The allegations in section-heading "C" are denied.**

38.     Defendants admit that in early 2019, First Data discussed the terms of a separation package with Plaintiff and other employees due to the upcoming merger with Fiserv. The allegation set forth in Paragraph 38 of the Amended Complaint describing an "offer" states a legal conclusion as to which no affirmative response is required. To the extent a response is required, the allegation is denied.

39.     Defendants admit that Plaintiff and Mr. Chiarello discussed Plaintiff's potential separation from First Data. The allegation set forth in Paragraph 39 of the Amended Complaint describing an "offer" states a legal conclusion as to which no affirmative response is required. To the extent a response is required, the allegation is denied. Defendants deny the remaining allegations set forth in Paragraph 39 of the Amended Complaint.

40.     Defendants admit that during their conversations, Plaintiff and Mr. Chiarello discussed Plaintiff's potential separation from First Data. The allegation set forth in Paragraph 40 of the Amended Complaint describing an "offer" states a legal conclusion as to which no affirmative response is required. To the extent a response is required, the allegation is denied. Defendants deny the remaining allegations set forth in Paragraph 40 of the Amended Complaint.

41.     Defendants admit that Mr. Chiarello was authorized to discuss with Plaintiff his potential separation from First Data. The allegation set forth in Paragraph 41 of the Amended Complaint regarding the term "authority" states a legal conclusion as to which no affirmative

response is required. To the extent a response is required to that allegation, it is denied. Defendants deny the remaining allegations set forth in Paragraph 41 of the Amended Complaint.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Amended Complaint. To the extent that a further response is required, the allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 42 of the Amended Complaint.

43.     Defendants admit that during their conversations, Plaintiff and Mr. Chiarello discussed the terms of Plaintiff's potential separation from First Data. The allegation set forth in Paragraph 43 of the Amended Complaint describing an "offer" states a legal conclusion as to which no affirmative response is required. To the extent a response is required, the allegation is denied. Defendants deny the remaining allegations set forth in Paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Amended Complaint.

45.     The allegations set forth in Paragraph 45 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Amended Complaint.

47.     The allegations set forth in Paragraph 47 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. The allegations set forth in Paragraph 47 of the Amended Complaint that refer to "contingencies or conditions precedent" state legal conclusions for which no affirmative response is required. To

the extent any further answer is necessary, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 47 of the Amended Complaint.

48.     The allegations set forth in Paragraph 48 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. The allegations set forth in Paragraph 48 of the Amended Complaint that refer to "agreed and binding" state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, those  allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 48 of the Amended Complaint.

49.     The allegations set forth in Paragraph 49 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. The allegations set forth in Paragraph 49 of the Amended Complaint that refer to "contingencies or conditions precedent" state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 49 of the Amended Complaint.

50.     The allegations set forth in Paragraph 50 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 50 of the Amended Complaint.

**D.     The allegations in section-heading "D" are denied.**

51.     The allegations set forth in Paragraph 51 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants admit that Plaintiff was terminated for cause, but deny the remaining allegations set forth in Paragraph 51 of the Amended Complaint.

36173885.3 11/05/2019

52.     Defendants admit that Mr. Rosman notified Hai by telephone that his employment with First Data was terminated, but deny the remaining allegations set forth in Paragraph 52 of the Amended Complaint.

53.     Defendants admit that Mr. Rosman notified Plaintiff that his employment with First Data was terminated.  Defendants deny the remaining allegations set forth in Paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations of Paragraph 54 of the Amended Complaint.

55.     The allegations set forth in Paragraph 55 of the Amended Complaint state legal conclusions and/or call for conjecture as to events that could have transpired, for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Amended Complaint.

58.     Defendants admit that they had knowledge of the incident from other sources within three (3) days of its occurrence, but deny the remaining allegations set forth in Paragraph 58 of the Amended Complaint.

59.     Defendants admit that Plaintiff has stated, through counsel, that he did not violate any policy of First Data and on that basis, admits the allegations set forth in Paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Amended Complaint.

61.     The allegations set forth in Paragraph 61 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants admit that no payments that might be considered separation payments have been made to Plaintiff since April 1, 2019.

62.     The allegations set forth in Paragraph 62 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants admit First Data did not vest Plaintiff's unvested stock or provide him with any healthcare support payments since April 1, 2019. The remaining allegations set forth in Paragraph 62 are denied.

63.     Defendants admit the allegations set forth in Paragraph 63 of the Amended Complaint but deny that First Data has any obligations to Plaintiff or that he is entitled to anything that he had not already received.

64.     Defendants admit the allegations set forth in Paragraph 64 of the Amended Complaint but deny that First Data has any obligations to Plaintiff or that he is entitled to anything that he had not already received.

65.     The allegations set forth in Paragraph 65 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 65 of the Amended Complaint because First Data has no obligations to Plaintiff, and he is not entitled to anything that he had not already received.

66.     The allegations set forth in Paragraph 66 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Amended Complaint.

68.     The allegations set forth in Paragraph 68 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. The remaining allegations set forth in Paragraph 68 of the Amended Complaint are denied.

69.     Defendants admit the allegations of Paragraph 69 of the Amended Complaint. By way of further answer Defendants aver that no such severance payments were, or are, due to Plaintiff.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Amended Complaint.

71.     The allegations set forth in Paragraph 71 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. The remaining allegations set forth in Paragraph 71 of the Amended Complaint are denied.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Amended Complaint.

**E.     The allegations in section-heading "E" are denied.**

73.     Defendants admit the allegations set forth in Paragraph 73 of the Amended Complaint.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Amended Complaint.

75.     Defendants admit that it utilized a "consumer reporting agency," or agencies, but denies that any such "consumer reporting agency" was engaged concerning Plaintiff on or around March 29, 2019 to April 1, 2019. Defendants deny the remaining the allegations set forth in Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Amended Complaint.

77.     The allegations set forth in Paragraph 77 of the Amended Complaint regarding the requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(3) ("FCRA") state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, those allegations are denied. Defendants admit that on April 1, 2019, Plaintiff's employment was terminated for cause, but deny the remaining allegations set forth in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Amended Complaint.

## COUNT I – BREACH OF CONTRACT UNDER NEW YORK LAW
## (ORAL SEPARATION AGREEMENT)

81.     Defendants reaffirm and incorporate all of the responses included in Paragraphs 1-80.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Amended Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Amended Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations set forth in Paragraph 86  of the Amended Complaint.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Amended Complaint.

88.     Defendants admit that Plaintiff, through counsel, has demanded payment, but deny the remaining allegations set forth in Paragraph 88 of the Amended Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Amended Complaint.

91.     The allegations in Paragraph 91 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. By way of further response, Defendants deny the allegation that any oral contract existed as alleged in Paragraph 91 of the Amended Complaint or that there was any breach of obligations.

## COUNT II – BREACH OF CONTRACT UNDER DELAWARE LAW
## (INCENTIVE COMPENSATION PLAN, IN THE ALTERNATIVE TO COUNT I)

92.     Defendants reaffirm and incorporate all of the responses included in Paragraphs 1-91.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Amended Complaint.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Amended Complaint.

96.     Defendants admit that Plaintiff has demanded payment through counsel. By way of further response, Defendants deny that Plaintiff is entitled to any of the relief alleged in Paragraph 96 of the Amended Complaint, or any other relief. Defendants deny the remaining allegations set forth in Paragraph 96 of the Amended Complaint.

97.     Defendants deny the allegations set forth in Paragraph 97 of the Amended Complaint.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Amended Complaint.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Amended Complaint.

100.     The allegations in Paragraph 100 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. By way of further response, Defendants deny the allegation that there was any breach of obligation as alleged in Paragraph 100 of the Amended Complaint.

**COUNT III – BREACH OF CONTRACT UNDER DELAWARE LAW
(SEVERANCE PLAN, IN THE ALTERNATIVE TO COUNT I)**

101.     Defendants reaffirm and incorporate all of the responses included in Paragraphs 1-100.

102.     Defendants deny the allegations set forth in Paragraph 102 of the Amended Complaint.

15

103.     Defendants deny the allegations set forth in Paragraph 103 of the Amended Complaint.

104.     Defendants admit the allegations set forth in Paragraph 104 of the Amended Complaint. By way for further answer, Defendants aver that no payment was due, or is due, to Plaintiff, as alleged in Paragraph 104 of the Amended Complaint.

105.     The allegations set forth in Paragraph 105 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants admit the allegations set forth in Paragraph 105 of the Agreement that Plaintiff has demanded payment, through counsel, and that no payments have been made. Defendants deny the remaining allegations set forth in Paragraph 105 of the Amended Complaint. By way of further response, Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 105 of the Amended Complaint or any other relief.

106.     The allegations set forth in Paragraph 106 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 106 of the Amended Complaint.

107.     Defendants deny the allegations set forth in Paragraph 107 of the Amended Complaint.

108.     The allegations in Paragraph 108 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. By way of further response, Defendants deny the allegation that there was any breach of obligation as alleged in Paragraph 108 of the Amended Complaint.

## COUNT IV – PROMISSORY ESTOPPEL UNDER NEW YORK LAW
## (SEPARATION AGREEMENT, IN THE ALTERNATIVE TO COUNT I)

109.    Defendants reaffirm and incorporate all of the responses included in Paragraphs 1-108.

110.    Defendants deny the allegations set forth in Paragraph 110 of the Amended Complaint.

111.    Defendants deny the allegations set forth in Paragraph 111 of the Amended Complaint.

112.    Defendants deny the allegations set forth in Paragraph 112 of the Amended Complaint.

113.    The allegations in Paragraph 113 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

114.    The allegations in Paragraph 114 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. By way of further response, Defendants deny the allegation that there was any breach of obligation as alleged in Paragraph 114 of the Amended Complaint.

## COUNT V – BREACH OF THE COVENANT OF GOOD FAITH AND
## FAIR DEALING UNDER NEW YORK LAW (SEPARATION AGREEMENT)

115.    Defendants reaffirm and incorporate all of the responses included in Paragraphs 1-114.

116.    The allegations set forth in Paragraph 116 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

17

117.    The allegations set forth in Paragraph 117 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 117 of the Amended Complaint.

118.    The allegations set forth in Paragraph 118 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 118 of the Amended Complaint.

119.    The allegations set forth in Paragraph 119 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 119 of the Amended Complaint.

120.    The allegations set forth in Paragraph 120 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 120 of the Amended Complaint.

121.    The allegations set forth in Paragraph 121 of the Amended Complaint refer to a "Separation Agreement" that does not exist and on that basis, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 121 of the Amended Complaint.

122.    The allegations in Paragraph 122 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is

necessary, the allegations are denied. By way of further response, Defendants deny the allegation that there was any breach of obligation as alleged in Paragraph 122 of the Amended Complaint.

**COUNT VI – BREACH OF THE COVENANT OF GOOD FAITH
AND FAIR DEALING UNDER DELAWARE LAW
(INCENTIVE COMPENSATION PLAN, IN THE ALTERNATIVE TO COUNTS I & V)**

123.    Defendants reaffirm and incorporate all of the responses included in Paragraphs 1-122.

124.    The allegations set forth in Paragraph 124 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

125.    Defendants deny the allegations set forth in Paragraph 125 of the Amended Complaint.

126.    Defendants deny the allegations set forth in Paragraph 126 of the Amended Complaint.

127.    Defendants deny the allegations set forth in Paragraph 127 of the Amended Complaint.

128.    Defendants deny the allegations set forth in Paragraph 128 of the Amended Complaint.

129.    Defendants deny the allegations set forth in Paragraph 129 of the Amended Complaint.

130.    The allegations set forth  in Paragraph 130 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. By way of further response, Defendants deny the allegation that there was any breach of obligation as alleged in Paragraph 130 of the Amended Complaint.

**COUNT VII – BREACH OF THE COVENANT OF GOOD FAITH
AND FAIR DEALING UNDER DELAWARE LAW
(SEVERANCE  PLAN, IN THE ALTERNATIVE TO COUNTS I & V)**

131.    Defendants reaffirm and incorporate all of the responses included in Paragraphs 1-130.

132.    Defendants deny the allegations set forth in Paragraph 132 of the Amended Complaint.

133.    Defendants deny the allegations set forth in Paragraph 133 of the Amended Complaint.

134.    Defendants deny the allegations set forth in Paragraph 134 of the Amended Complaint.

135.    Defendants deny the allegations set forth in Paragraph 135 of the Amended Complaint.

136.    Defendants deny the allegations set forth in Paragraph 136 of the Amended Complaint.

137.    The allegations set forth in Paragraph 137 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. By way of further response, Defendants deny the allegation that there was any breach of obligation as alleged in Paragraph 137 of the Amended Complaint.

**COUNT VIII – VIOLATION OF THE FAIR CREDIT REPORTING ACT
(15 U.S.C. § 1681, *et. seq.*)**

138.    Defendants reaffirm and incorporate all of the responses included in Paragraphs 1-137.

139.    Defendants deny the allegations set forth in Paragraph 139 of the Amended Complaint.

36173885.3 11/05/2019

140.     Defendants deny the allegations set forth in Paragraph 140 of the Amended Complaint.

141.     Defendants deny the allegations set forth in Paragraph 141 of the Amended Complaint and further deny that Plaintiff is entitled to the relief requested in Paragraph 141 of the Amended Complaint or any other relief.

142.     The allegations set forth in Paragraph 142 of the Amended Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. By way of further response, Defendants deny the allegation that there was any breach of obligation as alleged in Paragraph 142 of the Amended Complaint.

143.     Answering Plaintiff's *ad damnum*, Defendants deny that Plaintiff is entitled to the relief requested in subparagraphs A-F or any relief whatsoever.

144.     Answering Plaintiff's demand for a jury trial, Defendants aver that Plaintiff waived his right to a jury trial as to any and all claims under the Incentive Compensation Plan (as defined in the Complaint), and therefore Plaintiff is not entitled to a trial by jury on Counts II and VI.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim against upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's termination for cause by First Data for violating company policy forecloses his right to recover under any of his contract and quasi-contract theories.

### Third Affirmative Defense

Plaintiff's claims relating to breach of an oral contract are barred by the statute of frauds.

**Fourth Affirmative Defense**

Defendant First Data acted reasonably and in good faith at all times with regard to the decision to terminate the Plaintiff for cause.

**Fifth Affirmative Defense**

Plaintiff's claims for the violation of the covenant of good faith and fair dealing cannot be used to alter terms of an express contract, or to create an agreement where none exists.

**Sixth Affirmative Defense**

Plaintiff's claims under the Severance Plan are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq*.

**Seventh Affirmative Defense**

Plaintiff has failed to mitigate his damages.

**Eighth Affirmative Defense**

Plaintiff's claims are barred by failure of consideration.

**Ninth Affirmative Defense**

Fiserv is not liable for Plaintiff's damages, if any exist.

**Tenth Affirmative Defense**

Defendants reserves the right to amend this Answer to assert additional defenses as may be become available or apparent through discovery or otherwise.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice, and award costs and fees incurred in the defense of this action, and any further relief deemed just and proper.

36173885.3 11/05/2019

Dated: November 5, 2019

Respectfully submitted,

SAUL EWING ARNSTEIN & LEHR, LLP

By: _/s/ Erik P. Pramschufer_
Erik P. Pramschufer
1270 Avenue of the Americas, Suite 2005
New York, NY 10020
T:  (212) 980-7216
erik.pramschufer@saul.com

Gary B. Eidelman (admitted _pro hac vice_)
500 E. Pratt Street, Suite 900
Baltimore, MD 21202
T:  (410) 332-8975
gary.eidelman@saul.com

_Attorneys for Defendants_

36173885.3 11/05/2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative

Defenses to the First Amended Complaint was served on the following counsel via ECF:

Lauren M. Paxton, Esquire
OlenderFeldman, LLP
1180 Avenue of the Americas, 8th Floor
New York, NY 10036

Counsel for Plaintiff

By: */s/ Erik P. Pramschufer*
Erik P. Pramschufer

Dated: November 5, 2019

36173885.3 11/05/2019