**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAMY ANTHONY HAI,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION and FISERV, INC.,<br><br>    Defendants. | Case No. 1:19-CV-08332-PKC<br><br>**STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL** |

WHEREAS, Plaintiff Hamy Anthony Hai ("Plaintiff") and Defendants First Data Corporation and Fiserv, Inc. (collectively referred to as "Defendants") have stipulated that certain discovery material be treated as confidential, the parties respectfully request that the Court enter this Stipulation as an Order:

1.      **Designation of Discovery Materials as Confidential**. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a)     The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or the phrase "ATTORNEYS' EYES ONLY." To the extent that it would be impractical to visibly mark discovery materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (e.g., when producing materials in electronic form), discovery materials may also

be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in contemporaneous correspondence.

   (b) There shall be two designations of confidentiality: "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY."

     (i) One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, or confidential research, development, commercial, or financial information, or which the producing party otherwise believes is in good faith to be entitled to protection.

     (ii) One who provides material may designate it as "ATTORNEYS' EYES ONLY" only when such person in good faith believes it contains sensitive personal information, or confidential research, development, commercial, or financial information which is in fact confidential and which the party reasonably believes to be a trade secret or so competitively sensitive that it is entitled to extraordinary protections.

   (c) A party shall not routinely designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Once specific documents have been designated for copying, any documents containing confidential information will then be marked as such after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by

the inspection of confidential documents before they are copied and marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this procedure.

   (d) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as described above, shall also be deemed to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

   (e) Information or documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (f) and (g) below, respectively, for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

   (f) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

     (i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit, including paralegals, clerical workers, other law office staff, and contractors retained specifically for the purpose of assisting with the prosecution or defense of this suit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become

3

36566091.2 02/28/2020

subject to, the provisions of this Order requiring that the documents and information be held in confidence.

    (ii)  Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

    (iii)  Disclosure may be made to court reporters and/or stenographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

    (iv)  Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing (by signing a copy of the Confidentiality Agreement attached hereto as <u>Exhibit A</u>) to be subject to the provisions of this Order requiring that the documents and information be held in confidence. This Order does not prohibit a party from disclosing its own discovery materials which have been designated "CONFIDENTIAL." Nor does this Order prohibit a person from disclosing discovery materials independently obtained from non-confidential sources or sources that do not designate the information as "CONFIDENTIAL."

    (v)  Disclosure may be made to individuals who are expected to testify in any trial, deposition, or court proceeding about, or who are expected affirm in an affidavit, facts related to any documents designated "CONFIDENTIAL" (hereinafter referred to

collectively as "witnesses"). Prior to disclosure to any witness, the witness must be informed of and agree in writing (by signing a copy of the Confidentiality Agreement attached hereto as Exhibit A) to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(g) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "ATTORNEYS' EYES ONLY" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit, including paralegals, clerical workers, other law office staff, and contractors retained specifically for the purpose of assisting with the prosecution or defense of this suit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made to court reporters and/or stenographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

(iii) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing (by signing a copy of the Confidentiality Agreement attached hereto as Exhibit A) to be subject to the provisions of this Order requiring

36566091.2 02/28/2020

that the documents and information be held in confidence. This Order does not prohibit a party from disclosing its own discovery materials which have been designated "ATTORNEYS' EYES ONLY." Nor does this Order prohibit a person from disclosing discovery materials independently obtained from non-confidential sources or sources that do not designate the information as "ATTORNEYS' EYES ONLY."

       (h)      Except as provided in subparagraphs (f) and (g) above, counsel for the parties shall keep all documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

       (i)      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if such words do not already appear.

       (j)      Notwithstanding subparagraphs (f) and (g) above, nothing in this Order shall prevent the disclosure of any documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any individual who, from the face of the document, the disclosing party knows has already seen or received the document (*e.g.*, communications addressed to the disclosee).

       (h)      Notwithstanding subparagraphs (f) and (g) above, nothing in this Order shall prevent the disclosure of any documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the Court, and the Court's designees, except that the public filing of such documents shall be made in accordance with Section 2, of this Order.

2.      **Confidential Information Filed with the Court**. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Section, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

3.      **Party Seeking Greater Protection Must Obtain Further Order**. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4.      **Omitted.**

5.      **Avoiding Inadvertent Disclosure**. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" discovery materials, and shall be responsible for ensuring that each of his or her regularly-employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this litigation and the proposed recipients of discovery materials are informed of the terms of this Order and their obligations under it.

6. **Inadvertent Disclosure**. Neither the taking of any action in accordance with the provisions of this Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action. Moreover, the inadvertent disclosure in connection with this action of one or more documents that the party producing those documents ("Producing Party") believes to contain or reflect confidential, proprietary, trade secret, and/or competitively sensitive information, shall not constitute a waiver with respect to such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials. In the event of such an inadvertent disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials, the Producing Party at any time may provide notice to the other parties directing that all copies of such inadvertently disclosed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials be treated as such consistent with the terms of this Order. A party may move, on reasonable notice, and on grounds other than the inadvertent production of such documents, for an order challenging the designation of such documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials.

7. **No Waiver**. This Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Order be deemed or construed as a waiver of the attorney-client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Order shall be construed to

limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

8. **No Impact on Admissibility**. This Order shall not be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any discovery materials covered by this Order.

9. **Return or Destruction of Materials Inadvertent Disclosed**. If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the Producing Party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information.

10. **Return of Confidential Material at Conclusion of Litigation**. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

11. **Modification; Survival**. This Order shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of all parties hereto filed with the Court. Without limiting the generality of the foregoing, this Order shall survive or remain in full force and effect after the termination of this litigation. Nothing in this Order shall limit or preclude any party from applying to the Court for relief from this Order, or for such further or additional protective orders as the Court may deem appropriate.

12. **Requests for Confidential Materials**. If any person receiving documents covered by this Order (the "Receiving Party") is served with a subpoena, request for production

of documents, or other similar legal process in another proceeding seeking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials, the Receiving Party shall give written notice, by overnight mail and email transmission, within two (2) business days of receipt of such subpoena, request for production, or other legal process, to the party producing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials. To the extent permitted by applicable law, the Receiving Party shall not produce any of the Producing Party's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials for a period of at least fourteen (14) days after providing the required notice to the Producing Party. If, within fourteen (14) days of receiving such notice, the Producing Party provides written notice to the Receiving Party that it opposes production of its "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials, the Receiving Party shall not thereafter produce such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials except pursuant to a Court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The Producing Party shall be solely responsible for asserting any objection to the requested production. The Receiving Party shall provide a copy of this Order to the third-party requesting production of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any such order requiring production of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials covered by this Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from this Court.

13. **<u>Binding</u>**. This Order is binding on the parties immediately upon execution.

36566091.2 02/28/2020

IT IS SO STIPULATED:

| **OLENDERFELDMAN LLP** | **SAUL EWING ARNSTEIN & LEHR, LLP** |
|---|---|
| By: */s/ Karen D. Stringer (signed with permission)* | By: */s/ Erik P. Pramschufer* |
| Karen D. Stringer (admitted *pro hac vice*) | Erik P. Pramschufer |
| Christian J. Jensen | 1270 Avenue of the Americas, Suite 2005 |
| 422 Morris Avenue | New York, New York 10020 |
| Summit, New Jersey 07901 | 212-980-7216 |
| 908-964-2485 | erik.pramschufer@saul.com |
| kstringer@olenderfeldman.com | |
| cjensen@olenderfeldman.com | Gary B. Eidelman (admitted *pro hac vice*) |
| | 500 E. Pratt Street |
| *Attorneys for Plaintiff* | Suite 900 |
| | Baltimore, MD  21202 |
| | 410-332-8975 |
| | gary.eidelman@saul.com |
| | |
| | *Attorneys for Defendants* |

Pursuant to the stipulation of the parties, it is SO ORDERED this 28th day of February, 2020.

P. Kevin Castel
United States District Judge

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAMY ANTHONY HAI,<br><br>     Plaintiff,<br><br>  v.<br><br>FIRST DATA CORPORATION and FISERV, INC.,<br><br>     Defendants. | Case No. 1:19-CV-08332-PKC<br><br><br>**CONFIDENTIALITY AGREEMENT** |

    I, _____, hereby acknowledge and state:

    1.  I have read and understand the Stipulated Order Regarding Confidentiality of Discovery Material (the "Order") to which this Exhibit A is annexed, and I attest to my understanding that access to information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be provided to me, and that such access is pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order, and I submit to the jurisdiction of this Court for appropriate proceedings, which may include the imposition of sanctions in the event of a breach of the provisions of the Order.

    2.  I will not utilize any information deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" for any purpose other than this litigation, and I will not reveal any information deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to, nor discuss it with, anyone, except in accordance with the terms of the Order.

3.      At the termination of this litigation, I will return all documents marked with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as well as any copies, summaries, notes, memoranda or databases of same and documents related thereto, to the attorney providing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials to me or, alternatively, I will destroy said confidential materials.

Dated: _____

Name: _____

Address: _____
 _____

Tel. No.: _____

36566091.2 02/28/2020